## BURGESS v. MACKEY BROS. et al.
### (No. 2494.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 2, 1922.)

**I. Continuance  ⊝⇒25—Refusal of continuance not reversible error where testimony of absent witness would not have changed result.**

Denial of continuance for absence of witness was not ground for reversal, where the testimony of absent witness would not have .led to a different conclusion upon the facts involved.

**2. Continuance  ⊝⇒26(14)—Refusal of continuance for want of diligence in securing testimony of absent witness held proper.**

In subcontractor's action against contractor and contractor's assignee, in which it was alleged that assignee had agreed to become liable for contractor's debts, assignee's failure to take steps to secure testimony of witness as to the contract between the contractor and assignee, until contractor had filed answer, at which time it was too late to secure the attendance of the witness at the time of the trial, *held* to warrant denial of motion for continuance on the ground of the absence of such witness; the petition having been sufficient to put assignee on notice that he would need such testimony.

Appeal from District Court, Upshur County; J. R. Warren, Judge.

Suit by L. T. Mackey and C. J. Mackey, doing business under the firm name of Mackey Bros., against C. W. Bryce and C. W. Burgess. Judgment for plaintiffs against defendant Bryce, and for defendant Bryce against defendant Burgess, and defendant Burgess appeals. Affirmed.

C. G. Engledow, of Pittsburg, and T. H. Briggs, of· Gilmer, for appellant.

Florence, Florence & McClelland, J. N. Aldridge, and H. .V. Davis, all .of Gilmer, and Simpson, Lasseter & Gentry, of Tyler, for appellees.

HODGES, J.   L. T. and C. J.· Mackey, the appellees, doing business under the firm name of Mackey Bros., filed this suit in the court below against C. W. Bryce and C. W.. Burgess. The petition alleges, in substance, that Bryce had entered into a contract with Upshur county and the State Highway Commission to grade and gravel what is known as the Jefferson Highway in Upshur county. The plaintiffs' had a subcontract with Bryce whereby they were to do certain portions of the grading and graveling, and for which Bryce agreed to pay them one-half cash and one-half in Upshur county road bonds which had theretofore been issued by them unsold. Prior to and about March 1st the plaintiffs had done certain work on the Jefferson Highway such as hauling and placing gravel, which was worth under the contract $649.17, according· to estimates made by the engineers at the time, and for which plaintiffs had not been paid. Prior to settlement with Bryce on March 1st he had failed to pay them the one-half cash, but had paid them entirely in bonds, 'with the understanding that whatever the plaintiffs lost in discounting one-half of the bonds would be refunded to them by Bryce when he received payment under his contract with the county. They alleged that Bryce still owed them upon that agreement $524.35. They further alleged that on March 1, 1921, C. W. Burgess, by some kind of an agreement with Bryce,. took over the latter's contract with plaintiffs, and as a part of the consideration promised to pay the subcontractors of Bryce whatever amount was due them by Bryce for work done and unpaid for at that time, as well as the amount such subcontractors had lost by reason of taking one-half of their pay in bonds instead of cash. They further alleged that, if mistaken as to the terms of the contract between Bryce and Burgess, then the amount due for the work done by them and not paid for on March 1st was thereafter paid to Burgess; that the latter knew when he took over Bryce's contract that this amount was due the plaintiffs, and knew at the time he re-

ceived payment therefor that he was not entitled to it, but that it belonged to the plaintiffs; that Burgess became liable to and promised to pay the plaintiffs the sum of $649.17 for work done by them and paid to him by the county.

Bryce answered generally and specially, pleading his contract with Burgess by which the latter assumed to pay whatever sums were due by him, Bryce, to the plaintiffs. He also asked that, in the event judgment be rendered against him in favor of the plaintiffs, he have judgment for the same amount over against Burgess. Burgess answered generally and specially, pleading the contract with Bryce, and asserting that under its terms he was not responsible for the sum sued for by the plaintiffs.

The answer and cross-bill of Bryce was filed on the day the case was called for trial. Burgess then applied for a continuance for the purpose of securing the testimony of one H. S. Wilder. It was claimed that Wilder was present the day the contract between Bryce and Burgess was concluded, but before it was signed, and heard the conversation between Burgess and Bryce in which they discussed the terms of that contract. It is claimed that Wilder, if present, would testify that Bryce agreed to pay for some work done by Mackey Bros. prior to the time the contract was signed. It is admitted that no process had been issued for Wilder, and no effort made to secure his testimony. The failure to take those steps was justified upon the ground that the materiality of his testimony did not appear until the filing of an answer by Bryce, and it was then too late to secure the testimony of Wilder. The motion for a continuance was overruled, and judgment rendered in favor of the plaintiffs against Bryce and in favor of Bryce over against Burgess for the amount sued for.

[1, 2] Only one assignment of error is presented on this appeal, and in that the appellant, Burgess, complains of the ruling of the court in refusing to grant the continuance applied for. When closely examined, we think the record justifies the conclusion that the testimony of Wilder would not have led to a different conclusion upon the facts involved. But, even if it were otherwise, the refusal of the application for a continuance was justified upon the ground that the materiality of Wilder's testimony must have become apparent when the plaintiffs' original petition was filed. In that petition the plaintiffs sought a judgment against Burgess upon the ground that he had assumed to pay the debt sued for. That pleading put in issue the scope of the contract between Burgess and Bryce, involving an inquiry into its terms and the various details upon which the writing was not explicit. That was sufficient to put the appellant, Burgess, upon notice of what he was to meet and require him to take timely steps to secure the attendance of Wilder if he should be needed.

The judgment will be affirmed.

---

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused April 5, 1922.